**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CR291 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JUSTIN R. BICKET, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on the motion of defendant Justin R. Bicket (Bicket) for a review of his detention status (Filing No. 38). The court held a hearing on the motion on May 6, 2011. Bicket was present with his counsel Jeff T. Courtney. The United States was represented by Assistant U. S. Attorney Michael D. Wellman. The court took judicial notice of the Amended Pretrial Services Violation Report, received in evidence a state court case summary (Exhibit 101), three magazine articles (Exhibits 102 -104), and two reports from Officer Jeffrey Gassoway in the form of e-mails (Exhibits 1 and 2), and heard the testimony of the defendant.

    Bicket is charged in the Indictment with the possession of a firearm after having been convicted of a felony (Filing No. 1). Bicket was arrested and appeared before the court on August 25, 2011, and was released on conditions including home detention with electronic monitoring (Filing No. 13). On February 1, 2011, the conditions of release were amended to permit a curfew with electronic monitoring instead of home detention (Filing No. 19). On February 8, 2011, because of Bicket's arrest by Omaha Police Department (OPD) for a felony assault by strangulation and assault in the third degree on February 7, 2011, as well as a curfew violation on February 7, 2011 (Filing No. 20), Bicket was arrested and, following his release from Douglas County authorities, brought before the court on February 23, 2011 (Filing No. 23).

    During the February 23, 2011, hearing, Bicket was represented by Mr. Courtney and the United States was represented by AUSA Wellman. Bicket admitted he was arrested but stated the charges were dismissed. The court took judicial notice of the violation report (Filing No. 24), heard the testimony of Kayla Klich (Ms. Klich), and received into evidence an OPD supplementary report (Exhibit 1). Ms. Klich withdrew her allegation of the assault.

However, the court discredited her testimony after review of the OPD report and photographs. The court revoked Bicket's release and ordered him detained (Filing No. 31).

Bicket appealed the magistrate judge's decision (Filing No. 33). On March 28, 2011, Senior Judge Lyle E. Strom denied Bicket's appeal (Filing No. 34). Bicket filed the present motion for review on April 22, 2011.

Bicket was convicted in 1998 in Douglas County of armed robbery and received a prison term of seven to ten years. He was paroled twice and his parole was revoked twice resulting in Bicket serving the full prison term by 2009. In November 2009, Bicket was charged with the felony offense of theft by unlawful taking and a warrant was issued for his arrest. It is alleged on January 10, 2010, Fugitive Task Force Officers went to 83rd and Webster Streets in an attempt to arrest Bicket for the outstanding felony theft warrant. They saw him get into a Kia and drive off. They attempted to stop him, but he sped up and they chose to follow at a distance. He drove in a big circle and pulled into a different apartment complex lot also near 83rd and Webster Streets. They lost sight of him briefly. They turned into the lot, saw the Kia empty, then saw Bicket in the passenger seat of a silver Ford F-150. There was an elongated stand-off, while officers ordered the driver (Nistl) to stop and turn off the pickup. Nistl almost struck the unmarked cruiser, lurched once toward an officer, aggressively backed away 30 feet, and failed to turn the vehicle off or exit the vehicle. Officers were in fear for their lives and were prepared to shoot, but eventually, Nistl placed his hands over his head and exited the F150. Bicket then had to be forcibly removed from the truck. A Deputy U.S. Marshal found two loaded firearms inside a Puma athletic shoe box that was on the floorboard of the front passenger seat, where Bicket had been seated. Nistl later stated that Bicket had brought the shoe box with him to Nistl's truck.

Bicket was released on conditions as described above on August 25, 2010. Bicket reported as directed, maintained his employment and submitted negative urine specimens. Bicket has had one minor curfew violation that occurred on September 13, 2010, that was later excused. The circumstances surrounding the latest curfew violation reportedly involved Bicket being car-jacked by several Hispanic males at gun point. Bicket reported he and his live-in girlfriend at the time, Katie Hayek (Ms. Hayek), were able to escape from

these individuals. Bicket and Ms. Hayek reported Bicket's car was taken during the incident, but later recovered. OPD investigated the allegations but were unable to substantiate charges against anyone. Bicket explained he had known these individuals socially and he surmised they had abducted him at gun point because he was federally indicted and they suspected he was going to talk to law enforcement about them. Bicket advised he suspected they were involved in illegal activity. Bicket related he had never been involved with these individuals regarding illegal activity.

While conducting a criminal record check on Bicket, Pretrial Services learned Ms. Hayek had filed a protection order against Bicket in Madison County, Nebraska, on March 16, 2011, alleging physical abuse and verbal threats. In addition, it was learned Ms. Hayek had filed a protection order against Bicket in Madison County, Nebraska on May 24, 2010. The latter petition was later recalled by Ms. Hayek on June 11, 2010.

On May 4, 2011, Ms. Hayek informed Pretrial Services Bicket had physically assaulted her and threatened to kill her family in the past. She related she was concerned he would be released from jail and follow through with his threats. When asked her about the previous incident involving herself and Bicket on September 13, 2010, she advised the events of that evening were accurate. They were abducted at gun point by several Hispanic males and later escaped. She advised the only discrepancy of the story was Bicket's explanation that he thought they abducted him because they feared he may advise authorities of their illegal activity. Ms. Hayek stated Bicket told her later he previously sold drugs for these individuals and he owed them tens of thousands of dollars. In addition, Ms. Hayek cited in her protection order that Bicket abused alcohol and had done so while on pretrial release.

Bicket was arrested on February 7, 2011, for the offenses of Assault by Strangulation, a class 4 felony, domestic assault and disturbing the peace, both misdemeanors. Bickey was arraigned in Douglas County Court on the charges of Assault by Strangulation, a class 4 felony, and Terroristic Threats, a class 4 felony on February 9, 2011. On February 15, 2011, the county court reduced the bond on the defendant. According to offense reports, the victim reported a previous domestic assault that occurred on January 29, 2011, involving the defendant in addition to the incident that allegedly

occurred on February 7, 2011. A protection order has been filed in the Madison County Court against Bicket by his former live-in girlfriend, Ms. Hayek. This protection order is active and is scheduled for a hearing on May 23, 2011.

Bicket testified he has a teeth whitening business that is totally dependent on his presence and participation. In his absence, the business would fail. Bicket testified he had several locations for this business. Magazine articles were admitted to support his description of the business (Exhibits 102-104).

While in jail, Bicket has made hundreds of calls to Ms. Klich and Ms. Hayek in order to convince them to withdraw charges or testify the charges were a misunderstanding. The telephone calls were taped and reviewed by OPD Officer Gassoway. Bicket had instructed Ms. Klich to call Pretrial Services Officer Roberts and seek to get a release of a hold on him. Bicket further was adamant that she not tell Officer Roberts that he had been drinking. Bicket informed Ms. Klich he would continue to call her even if he were released and ordered not to contact her (Exhibits 1 and 2).

Bicket is a very manipulative person and has anger management issues. He has been involved in a violent crime in the past and continues to possess firearms. He is a danger to the community and I find there are no conditions or combination of conditions which would reasonably assure the safety of the community if he were released. Bicket's motion for release ([Filing No. 38](Filing No. 38)) is denied.

**IT IS SO ORDERED.**

### ADMONITION

Pursuant to [NECrimR 59.2](NECrimR 59.2) any objection of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection to the Order. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 11th day of May, 2011.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge